# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

HYDE PARK STORAGE SUITES
DAYTONA, LLC; and HYDE PARK
STORAGE SUITES, INC.,

      Plaintiffs,

      v.

CROWN PARK STORAGE SUITES,
LLC; and RICHARD A. LOMAN,

      Defendants.

Case No. 6:20-cv-1320-RBD-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Defendant Richard A. Loman's Motion for Determination of Award (Dkt. 206), filed July 13, 2023. Upon consideration, I respectfully recommend that the Motion be granted in part and denied in part.

## I. BACKGROUND

On July 24, 2020, Plaintiff Hyde Park Storage Suites Daytona LLC and Hyde Park Storage Suites, Inc. (collectively, "Hyde Park") instituted this action against Defendant Crown Park Storage Suites and Richard A. Loman ("Loman") (collectively, "Crown Park"), asserting trade dress infringement (Count I), false designation of origin (Count II), federal trademark infringement (Count III), violation of the Florida Deceptive and Unfair Trade

Practices Act (Count IV), Florida common law unfair competition (Count V), unauthorized publication of photos under Florida law (Count VI), breach of contract (Count VII); and tortious interference with business relationships (Count VIII). Complaint ¶¶ 43-91, Dkt. 1.

The case proceeded to trial where the jury returned a verdict in favor of Crown Park. Dkt. 178. A final judgment was entered in favor of Crown Park on March 3, 2023. Dkt. 183. Crown Park then moved for entitlement to fees and expenses under section 42(a) of the Lanham Act, 15 U.S.C. § 1117(a), and Loman asked for fees and costs incurred in defending the breach of contract claim against him individually. Dkt. 190 at 1, 13–14.

On June 14, 2023, I issued a Report and Recommendation recommending that the Court find Loman is entitled to attorney's fees and costs pursuant to clause 27 of the lease agreement and deny all other relief sought in the motion. Dkt. 203 at 19. In that Report and Recommendation, I made clear that "Loman is entitled to the attorney's fees he incurred defending against Hyde Park's breach of contract claim to the extent those costs are segregable from the fees incurred defending against Hyde Park's other claims." *Id.*

After receiving no objections from either side, on June 29, 2023, the Court adopted and confirmed the Report and Recommendation, and directed Loman to file the instant Motion if the parties could not agree on the amount to which he is entitled. Dkt. 205. In the Motion, Loman is seeking $73,805.00

- 2 -

for attorney's fees and $5,372.45 for costs. Dkt. 206 at 15. The Motion is referred to me and ripe for review.

## II.   LEGAL STANDARD

Loman moves this Court for an award of attorney's fees and costs pursuant to clause 27 of the lease agreement. The agreement provides that the prevailing party in an action to enforce any part of the lease "shall be entitled to recover reasonable attorney's fees and costs." Dkt. 206-1 at 5. "A reasonable attorney's fee, in turn, is calculated 'by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083, 1089 (11th Cir. 2022) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The sum of this calculation is called the "lodestar." *Id.*

## III.   ANALYSIS

### A.   Loman Has Waived The Issue Of Entitlement To Non-Segregable Costs.

I have carefully reviewed the Motion and counsel's billing entries. Of the six pages of billing entries provided (Dkt. 206-2), there are only two-line items that comply with the award of entitlement identified in my previous Report and Recommendation (Dkt. 203). Again, there I found that "Loman is entitled to the attorney's fees he incurred defending against Hyde Park's breach of contract claim to the extent those costs are *segregable* from the fees incurred defending against Hyde Park's other claims." Dkt. 203 at 19 (emphasis added).

Loman did not object to the Report and Recommendation. *See* Dkt. 205 at 1 ("The deadline has passed and there were no objections, so the Court examines the R&R for clear error only.").

Loman now tries to avoid the consequences of that decision, justifying his request by stating that he "eliminated hours and tasks clearly unrelated to the lease issues." Dkt. 206 at 7. Loman does not get a second bite at the entitlement apple. Using the procedure required by the Local Rules, the Court determined that he is entitled to attorney's fees incurred in defending the breach of contract claim that are segregable from the other claims. *See* Dkt. 205 at 2. Loman did not challenge that determination, and so has waived any challenge he may have. *See Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191 (11th Cir. 2020) ("a party who fails to object to a magistrate judge's report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.") (internal quotation marks omitted). Thus, Loman is only entitled to attorney's fees incurred in defending the breach of contract claim that are segregable from the other claims.

### B.   The Attorneys' Rates Are Reasonable.

Attorney Russel M. Racine submitted four declarations in support of the Motion. Dkts. 206-1 (lease agreement), 206-2 (billing records for attorney's fees), 206-3 (billing records for costs), 206-4 (affidavit of Russell M. Racine).

Counsel states that his hourly rate for this matter was $350 and he submitted time entries for 219.40 hours of work performed on legal tasks to support Loman's breach of contract claim. Dkt. 206-2.

The Court must first determine if the fees sought are reasonable. In determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the court may consider the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. These factors guide, and are usually subsumed within, the Court's lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983).

Attorney Racine has been licensed for over 20 years. He states that he charged a discounted rate of $350 per hour for this matter, which is "a

significantly reduced hourly rate from rates charged in similar circumstances by similarly qualified intellectual property attorneys." Dkt. 206 at 5. Attorney Jake Stewart is also listed on the billing entries and charged $250 per hour for his work in this matter. *See* Dkt. 206-2 at 3. Based on Attorney Stewart's biography, it appears that he is a partner at Cranfill Sumner LLP, practicing in the areas of employment law, municipalities and public entities, and worker's compensation, and has been licensed for over 8 years.[1] However, Attorney Racine's statements do not necessarily mean his rate or Attorney Stewart's rate reflects a reasonable hourly rate for the Orlando Division of the Middle District of Florida. *See Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (noting that a fee applicant bears the burden of establishing the relevant market rate). "If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." *Proescher v. Sec. Collection Agency*, No. 3:17-cv-1052-J-32PDB, 2018 WL 3432737, at *10–11 (M.D. Fla. June 8, 2018) (citations and quotation marks omitted)), *report & recommendation adopted*, 2018 WL 3428157 (M.D. Fla. July 16, 2018).

---

[1] Attorney Stewart's biography is available at https://www.cshlaw.com/attorneys/jake-stewart/.

Here, Attorney Racine believes his rate is low for similarly qualified intellectual property attorneys. That may be so, but he is seeking an award on a breach of contract claim. He does not provide any evidence regarding a typical rate for a breach of contract case in the Middle District or a typical rate for Attorney Stewart. Counsel simply disregards his burden and states that "this Court is in a better position to be familiar with fee awards in the Middle District." Dkt. 206 at 14.

Despite counsel punting the question of what the relevant market rate is to the Court, the rates of $350 and $250 an hour are not unreasonable for a breach of contract claim in the Middle District for an attorney with his experience. *See Healthplan Servs., Inc. v. Dixit*, No. 8:18-CV-2608-SDM-AAS, 2021 WL 4927434, *18 (M.D. Fla. May 27, 2021), *report and recommendation adopted*, No. 8:18-CV-2608-SDM-AAS, 2021 WL 4926752 (M.D. Fla. July 22, 2021) (finding $400 per hour a reasonable rate for a partner with ten years of experience); *Brancato v. Cotrone*, No. 5:18-CV-368-OC-30PRL, 2019 WL 6051432, 2 (M.D. Fla. Nov. 15, 2019) (collecting cases in the Middle District approving rates between $325 and $350 an hour). Based on this, I find the proposed rates reasonable.

### C.   The Hours Sought Are Unreasonable.

Next, the Court must determine whether the hours expended are reasonable. Fee applicants must exercise "billing judgment," meaning they

should omit hours that are excessive, redundant, or otherwise unnecessary, regardless of experience or skill. *Barnes*, 168 F.3d at 428. If fee applicants fail to exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the Court must exercise billing judgment for them. *Norman*, 836 F.2d at 1301 (emphasis in original). The "goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection," and so "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Even if I had not included the segregable language in my Report and Recommendation, I find that the fees sought by Loman are not reasonable. The breach of contract claim is not so inextricably intertwined with the other seven claims so as to warrant an award of $73,805.00 for attorney's fees. "The party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." *Gray v. Novell, Inc.*, No. 8:06-CV-1950-T-33TGW, 2012 WL 3871872, *5 (M.D. Fla. Sept. 6, 2012) (citation omitted). "If the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded unless it can be shown that the attorneys spent a separate and distinct amount of time on counts as to which no attorney's fees were sought [or were

authorized].” *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1307 (M.D. Fla. 2011) (citation omitted).

Though Loman argues that “Plaintiffs’ claims against Loman arose under the same common core of operative facts,” Dkt. 206 at 9, I am not persuaded. The breach of contract claim is based on a sign placed on Loman’s vehicle at his Hyde Park storage unit, allegedly violating the lease agreement. Dkt. 1 ¶¶ 83–85. That incident and claim are wholly unrelated to the other seven counts which are all based on Crown Park’s alleged trade dress infringement. The contract claim is a minor part of this case. It is the vestigial tail of this dispute. And, as in most things, the tail does not wag the dog. Loman has not satisfied his burden as to most of the claimed fees.

After careful review, I find there are only two billing entries for time incurred defending the contract claim that are segregable. One is for $105 for the review and analysis of the lease agreement by Attorney Racine (Dkt. 206-2 at 1), and the second is for $150 for the review and analysis of Florida law governing breach of action claims by Attorney Stewart (*id.* at 3). The rest of the six pages of billing entries contain fees for work not solely related to the breach of contract claim. *See* Dkt. 206-2. Loman is not entitled to an award based on non-segregable work.

For these reasons, I respectfully recommend that the Court award Loman a total of $255 in attorneys’ fees.

### D.     The Costs Are Unreasonable.

Loman also requests an award of $5,372.45 in "mediation costs and the cost for the transcript from the final day of trial." Dkt. 206 at 14; *see also* Dkt. 206-3. *First*, I respectfully recommend that the Court deny Loman's request for these costs because he did not seek entitlement to them previously. Local Rule 7.01(a) requires parties to use a bifurcated procedure if they intend to seek an award of post-judgment attorney's fees and related non-taxable expenses. Parties must first file a motion seeking a determination on entitlement to such fees and non-taxable costs. *See* Local Rule 7.01(b). After the Court issues an order finding a party entitled to fees and non-taxable costs, that party may file a second motion seeking an adjudication of the amount. *See* Local Rule 7.01(c). Loman's request for additional costs in his supplemental motion ignores the established process. He is once again trying to take a second bite of the entitlement apple—an act the Court should not reward.

*Second*, Loman's request for costs for a trial transcript ignores the plain language of the Local Rules and this Court's prior order. Dkt. 206 at 14. To begin, transcripts are taxable costs under 28 U.S.C. § 1920. *See id.*; 28 U.S.C. § 1920(1) ("A judge or clerk of any court of the United States may tax as costs the following . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"). Local Rule 7.01 applies to *non-taxable* costs. *See* Local Rule 7.01(c). Loman should have had the Clerk tax the

cost of the transcript from the final day of trial, but he did not do so. *See* Dkt. 188 (Loman's Proposed Bill of Costs). So, he missed his opportunity to recover those costs.

In addition, Loman supports his request by arguing that the transcript was needed to defend against Hyde Park's Motion for a New Trial (Dkt. 193). *See* Dkt. 206 at 14. That the transcript was needed to defend against a motion is beside the point. As the Court determined previously, Loman must show that the cost was incurred defending against the contract claim and is segregable. He has not done so—and cannot do so—because Hyde Park's Motion for a New Trial raised no argument concerning the lease or the breach of contract claim.

*Third*, Loman's request for mediation costs is unreasonable. He contends that this Court should simply follow the example of the court in *Piper Aircraft, Inc. v. Czech Sport Aircraft, A.S.*, No. 12-cv-14107, 2020 WL 7774743 (S.D. Fla. Dec. 10, 2020), *report and recommendation adopted*, No. 12-cv-14107, 2020 WL 7770896 (S.D. Fla. Dec. 30, 2020). *See* Dkt. 206 at 14–15. There, the court awarded mediation costs to the prevailing party because the disputed contract entitled that party to recover "all reasonable attorneys' fees and costs . . . including costs and fees of litigation." *Id*. at 1, n. 1. In other words, the parties in *Piper Aircraft* defined "reasonable attorneys' fees and costs" to include "costs and fees of litigation" in their contract. *Id*. Because the mediation was court-ordered, the court found the costs were recoverable. *Id*.

Not so here. Clause 27 provides: "In the event that any action or proceeding is brought to enforce any term, covenant or condition of this Lease on part of Landlord or Tenant, prevailing party in such litigation shall be entitled to recover reasonable attorney's fees and costs." Dkt. 206-1 at 5. This clause does not contain the "including costs and fees of litigation" language found in the contract at issue in *Piper Aircraft*, and which led to that court finding that the prevailing party was "contractually entitled to recover their mediation fees." *See Piper Aircraft, Inc.*, 2020 WL 7774743 at 1, n. 1. The lease agreement refers instead to the unadorned phrase "reasonable attorney's fees and costs." Dkt. 206-1 at 5.

That is a well-worn expression.[2] In federal court, the meaning of "costs" is established and highly circumscribed. Costs are those expenses listed in 28 U.S.C. § 1920 (or another statute) and no more. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987) (holding federal law provides courts "solely a power to decline to tax, as costs, the items enumerated in § 1920.").

___

[2] In Florida, if "words or phrases used in a contract have acquired a definite meaning generally or by local usage," they are generally understood in that context. *See Hinote v. Briaman*, 33 So. 303, 305 (Fla. 1902) (holding extrinsic evidence may be used by a court to determine the meaning of technical terminology or common use); *NCP Lake Power, Inc. v. Fla. Power Corp.*, 781 So.2d 531, 537 (Fla. 5th DCA 2001) (same). Florida law is consistent with the *Restatement (Second) of Contracts*, which provides: "Unless a different intention is manifested, . . . technical terms and *words of art* are given their technical meaning when used in a transaction within their technical field." *Restatement (Second) of Contracts* § 202(3)(b) (1981) (emphasis added).

Thus, because the lease agreement contains no indication the parties meant otherwise, I find that clause 27 encompasses only those costs that can be taxed by a court, such as those listed in 28 U.S.C. § 1920. Mediation costs are not included in that statute and so are not recoverable. *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008).

In short, I recommend Loman's request for costs be denied in its entirely.

### IV.  CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1.      The Motion (Dkt. 206) be **GRANTED** in part and **DENIED** in part; and

2.      Defendant Richard A. Loman be **AWARDED** $255.00 in attorney's fees and $0.00 in costs, for a total award of $255.00.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver

of the right to challenge anything to which no specific objection was made. *See*

Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

      **Entered** in Orlando, Florida, on November 17, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record