# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HYDE PARK STORAGE SUITES
DAYTONA, LLC; and HYDE PARK
STORAGE SUITES, INC.,

    Plaintiffs,

v.                                                   Case No. 6:20-cv-1320-RBD-RMN

CROWN PARK STORAGE SUITES,
LLC; and RICHARD A. LOMAN,

    Defendants.
_____

## **ORDER**

Before the Court are Defendant Richard A. Loman's Motion for Attorney's Fees (Doc. 206 ("Motion")), U.S. Magistrate Judge Robert M. Norway's Report and Recommendation (Doc. 215 ("Second R&R")), and Loman's Objections (Doc. 216). On de novo review, the Second R&R is due to be adopted.

## **BACKGROUND**

Plaintiffs brought claims against Defendants for trade dress infringement, false advertising, common law unfair competition, and against Loman specifically, breach of contract—on all of which Defendants prevailed at trial. (Doc. 178.) Defendant Crown Park Storage Suites then moved for attorney's fees and costs under the Lanham Act, and Defendant Loman moved for attorney's fees and costs

associated with the breach of contract claim against only him. (Doc. 190.) On referral, Judge Norway recommended that the Court deny Crown Park's requested Lanham Act fees but grant Loman breach of contract fees—but only if they were "segregable from the fees incurred defending against" Plaintiffs' other claims. (Doc. 203 ("First R&R"), p. 19.) The parties did not object, so the Court adopted and confirmed the First R&R in its entirety. (Doc. 205.)

Loman then filed this Motion asking the Court to award him $73,805.00 in attorney's fees and $5,372.45 in costs. (Doc. 206, p. 15.) On referral, Judge Norway determined that only two of Loman's billing entries—totaling $255.00 in attorney's fees—were "segregable" from the fees incurred defending against Plaintiffs' other claims, as he previously cautioned. (Doc. 215, pp. 9, 13.) Judge Norway also recommended that the Court award Loman no costs. (*Id.* at 10–13.) Loman timely objected to the Second R&R (Doc. 216) and Plaintiffs filed a response (Doc. 221). The matter is ripe.

## STANDARDS

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which an objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of

the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "[A] party who fails to object to a magistrate judge's report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191 (11th Cir. 2020) (cleaned up).

## ANALYSIS

After de novo review, the Court agrees with the Second R&R. Loman raises various objections to the Second R&R, most of which relate to calculating his fee award. (*See* Doc. 216, p. 4.) Loman's real beef is with the First R&R, not the Second—he disagrees with the First R&R's conclusion that he can only claim fees for tasks "segregable" to his breach of contract defense. (*See* Doc. 203, p. 19.) Loman had the opportunity to object to the First R&R but did not, and the Court adopted it, so it binds him. *See* 28 U.S.C. § 636(b)(1); *Harrigan*, 977 F.3d at 1191. Attempts to re-litigate that determination here are too little — too late.

Loman next argues that Judge Norway ignored depositions, discovery, and other tasks from the entries that were segregable, plus 219.4 hours of work either

"relating to or inseparable from" the breach of contract claim. (Doc. 216, pp. 6, 9.) "The party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." *Gray v. Novell, Inc.*, No. 8:06-cv-1950, 2012 WL 3871872, at *4 (M.D. Fla. Sept. 6, 2012) (cleaned up). Here, Judge Norway reviewed the entries (Doc. 206-2) and only found that $255 of those fees were segregable as breach of contract time entries. (*See* Doc. 215, p. 9.) Judge Norway also disallowed the 219.4 hours of work Loman claims is connected to the breach of contract claim, presumably because "relating to or inseparable from" is the opposite of "segregable." Loman also failed to indicate which entries contained this supposedly segregable work. So Loman failed to meet his burden. *See Gray*, 2012 WL 3871872, at *4.

Relatedly, Loman argues that all his trial fees are segregable for the breach of contract claim because the Court restricted his ability to participate in the trial to just that claim. (Doc. 216, pp. 2–3, 9–10.) The Court did not. The Court told each Defendant's counsel they could not duplicate openings, closings, or witness examinations to the extent their interests aligned—an unremarkable instruction. (Doc. 213, pp. 8:23–9:8, 11:7–25; *see* Doc. 216-1, p. 3.)

Finally, Loman objects to Judge Norway's recommendation that the Court award no mediation costs. (Doc. 216, p. 4.) Mediation costs are neither provided for in the Lease Agreement (*see* Doc. 206-1, ¶ 27), nor are taxable costs awardable

4

under 28 U.S.C. § 1920. (*See* Doc. 215, pp. 11–12); *see also Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008). So Loman cannot recover them.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Loman's Objections (Doc. 216) are **OVERRULED**.

2. The Second R&R (Doc. 215) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. The Motion (Doc. 206) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** in that Defendant Richard A. Loman is **AWARDED** $255.00 in attorney's fees.

    b. In all other respects, the Motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 10, 2024.



ROY B. DALTON, JR.
United States District Judge